UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARLENE MAURO,

                Plaintiff,

      -v-

COSTCO WHOLESALE CORPORATION,

                Defendant.
----------------------------------------------------------------x

**OPINION & ORDER**
09-CV-1391 (VVP)

POHORELSKY, Magistrate Judge:

      The plaintiff Charlene Mauro has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The case arises out of personal injuries she sustained while shopping at a store owned by the defendant Costco Wholesale Corporation in Staten Island, New York. This case is before the court on consent of the parties.[1] For the reasons that follow, the plaintiff's motion is denied.

## BACKGROUND

      The plaintiff's complaint, which was filed initially in state court, contains a single cause of action for negligence for the injuries she suffered in an accident that occurred at the defendant's store in June 2008. After removing the action to this court, Costco filed an answer to the complaint which asserted *inter alia* a defense of comparative negligence. The plaintiff has moved for summary judgment seeking a finding of liability on her negligence claim and dismissal of the comparative negligence defense.

      In setting out the facts that follow, the court relies on the Local Civil Rule 56.1 Statements of Fact filed by the parties, as well as the exhibits attached to the parties' moving

---

[1] The parties have consented to my jurisdiction for all purposes, including trial and final disposition, under 28 U.S.C. § 636(c)(1). Docket Entry ("D.E.") 33.

1

papers, and the pleadings, admissions, and prior discovery rulings that have occurred. The facts below are undisputed unless otherwise noted.[2]

On June 19, 2008, the plaintiff was injured when she was struck by shopping carts while attempting to shop at the defendant's store. Pl. Rule 56.1 Statement, ¶ 4, 16 (D.E. 47-1). When the plaintiff arrived at the store with her daughter, she walked from the parking lot onto the sidewalk towards the entrance of the store. Mauro Dep., pp. 22:15-19, 23:17-22, 24:15-17, Ex. D to Pl. Rule 56.1 Statement (D.E. 47-7). As the plaintiff got closer to the entrance, she went to retrieve a shopping cart that was located near the entrance. *Id.* at pp. 24:18-21, 26:15-17. While in the process of doing so, she was struck from behind by some shopping carts that were being propelled by a motorized cart retriever known as a "QuicKart." Cona Dep., pp. 86:20-87:9, Ex. E to Pl. Rule 56.1 Statement (D.E. 47-8).

At the time of the accident, the QuicKart was under the control of two Costco employees, Guiseppe Oppedisano and Domenic Cona, who were responsible for retrieving Costco's shopping carts in the parking lot using the QuicKart. Pl. Rule 56.1 Statement, ¶ 5-6, 9 (D.E. 47-1). Oppedisano manually operated the QuicKart using a control panel on the QuicKart and Cona stood in front of the QuicKart to retrieve and steer the shopping carts. Oppedisano Dep., pp. 40:24-41:17, Ex. F to Pl. Rule 56.1 Statement (D.E. 47-9); Cona Dep., p. 39:9-22. Oppedisano and Cona gathered approximately twenty-one shopping carts from the Costco parking lot using

---

[2] In support of her motion, the plaintiff has submitted the following: (1) a Rule 56.1 Statement with attachments (D.E. 47-1), (2) Affirmation of Mark J. Held, Esq. with attachments (D.E. 47-2), as well as a Memorandum in Support (D.E. 47-3), and (3) a Reply Memorandum (D.E. 49). The plaintiff attaches the following to her Rule 56.1 Statement, Held Affirmation, and Memorandum in Support: (1) Defendant's Verified Answer (D.E. 47-5), (2) Award of Arbitrator (D.E. 47-6), (3) Mauro Deposition Testimony (D.E. 47-7), (4) Cona Deposition Testimony (D.E. 47-8), (5) Oppedisano Deposition Testimony (D.E. 47-9), (6) Costco Incident Report (D.E. 47-10), (7) QuicKart Owner's Manual (D.E. 47-11).
In opposition, the defendant has filed a Counter Rule 56.1 Statement (D.E. 50) and Memorandum in Opposition (D.E. 51). In support of their motion, the defendant has attached the following: (1) Summons of the Defendant (D.E. 51-1), (2) Plaintiff's Verified Bill of Particulars (D.E. 51-2), (3) Affidavit of Vincent Scheidt (D.E. 51-3), (4) Photograph of the QuicKart (D.E. 51-4).

the QuicKart before bringing the carts to the sidewalk near the store's entrance. Pl. Rule 56.1 Statement, ¶ 11 (D.E. 47-1). Together, the QuicKart vehicle and the attached twenty-one shopping carts weighed approximately two thousand pounds. *Id.* Upon entering the sidewalk, Oppedisano and Cona stopped the QuicKart. Cona Dep., pp. 78:11-79: 6. After looking for pedestrians, Oppedisano and Cona restarted the QuicKart and began to steer the QuicKart and the attached shopping carts forward towards the first of six to seven rows of shopping carts in front of Costco. *Id.* at pp. 83:10-15, 88:7-23; Oppedisano Dep., p. 29:8-11. The first row of shopping carts was the row closest to the parking lot. Cona Dep., pp. 84:22-85:4.

      Cona testified in his deposition that he saw the plaintiff "jump" from the third row of carts to the first row of carts, which was in line with the QuicKart. *Id.* at pp. 88:10-23, 90:5-12. His testimony is corroborated by another customer, Vincent Scheidt, who also says that he saw the plaintiff "jump" into the QuicKart's path.[3] Scheidt Aff. ¶ 7, Ex. C to Def. Opposition Memo (D.E. 51-3). Upon seeing the plaintiff move into the QuicKart's path, Cona instructed Oppedisano to stop the QuicKart again by raising his hand. Cona Dep., p. 88:1-15. Oppedisano stopped the QuicKart immediately after Cona raised his hand, *Id.* At p. 107:7-11, but the momentum of the shopping carts nonetheless carried them forward and they struck the plaintiff, who was looking forward at the time of the accident. Def. Rule 56.1 Statement, ¶ 18-19 (D.E. 50); Cona Dep., p. 94:3-6. As a result of the accident, the plaintiff suffers from knee and back injuries. Pl. Verified Bill of Particulars, ¶ 3a-d (D.E. 51-2).

---

[3] Ms. Mauro disputes this version of events in her deposition, stating that she never moved from the third row of shopping carts to another row of shopping carts before the incident. Mauro Dep., p. 33:4-7.

# DISCUSSION

## I. Legal Standards on Summary Judgment

As to the legal issues raised by the motion, the substantive law of New York applies, but federal law governs the procedural issues, including the standards on summary judgment under Federal Rule of Civil Procedure 56. *See General Star Nat. Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 396-97 (E.D.N.Y. 2010); *Cousin v. White Castle System, Inc.*, No. 06-CV-6335, 2009 WL 1955555, at *4 & n.2 (E.D.N.Y. July 6, 2009). Thus, summary judgment will be granted if no genuine issue of material fact remains to be decided and the undisputed facts warrant judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Inst. for Shipboard Educ. v. Cigna Worldwide Inc. Co.,* 22 F.3d 414, 418 (2d Cir. 1994). If a reasonable jury could return a verdict in favor of the non-moving party, a material issue of fact remains in contention and the motion for summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). On the other hand, if the evidence in favor of the non-movant is "merely colorable" or so insufficient such that no rational trier of fact could find in its favor, summary judgment may be granted. *Id.* at 249-50 (citing *Dombrowski v. Eastland*, 387 U.S. 82 (1967)). Any ambiguities and all inferences must be drawn in favor of the non-movant, and the court must view the evidence in the light most favorable to the non-movant. *See Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir. 2006); *Inst. for Shipboard Educ.*, 22 F.3d at 418; *Twin Labs, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). The court is charged not with weighing the evidence or even with determining the truth, but with ensuring that genuine issues of fact remain in dispute. *See*

*Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 218 (S.D.N.Y. 2007) (citing cases).

The burden of proving that no material issue of fact remains in dispute rests on the moving party. *Celotex Corp.,* 477 U.S. at 322; *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). If the moving party meets that initial burden by making an evidentiary showing suggesting that no material factual issues remain, the burden then shifts to the non-moving party to produce evidence raising a material question of fact. *See* Fed. R. Civ. P. 56(e); *Miner v. Clinton County, New York,* 541 F.3d 464, 471 (2d Cir. 2008); *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1998). Thus, to avoid summary judgment, the non-movant must set forth specific factual allegations. *Kurisoo v. Providence and Worcester R.R. Co.,* 68 F.3d 591, 594 (2d Cir. 1995); *Fahle v Braslow*, 913 F. Supp. 145, 148-49 (E.D.N.Y. 1996) (citations omitted), *affirmed*, 111 F.3d 123 (2d Cir. 1997). In this vein, conclusory, *ipse dixit* assertions are not sufficient to defeat summary judgment. *Western World Ins. Co. v. Stock Oil Inc.,* 922 F.2d 118, 121 (2d Cir. 1990). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat summary judgment. Rather, 'there must be evidence on which the jury could *reasonably* find for the [non-movant].' Moreover, the opposing party must set forth 'concrete particulars' showing that a trial is needed." *Cousin*, 2009 WL 1955555, at *4 (quoting *Anderson*, 477 U.S. at 252). Although the non-movant need not produce evidence in a form that would be admissible at trial, it cannot rest on the pleadings, but rather must set forth specific facts in affidavits, depositions, answers to interrogatories, or admissions on file, which together demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp.,* 477 U.S. at 324; *United States v. Rem*, 38 F.3d 634, 643-44 (2d Cir. 1994); *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004); *Grennan v.*

*Nassau County*, No. 04-CV-2158, 2007 WL 952067, at *5 (E.D.N.Y. Mar. 29, 2007). That said, a non-movant who bears the burden of proof at trial is not required to submit affidavits, but may oppose the motion on the basis of the pleadings, depositions, and admissions on file. *Celotex*, 477 U.S. at 324; *Patterson*, 375 F.3d at 219. The materiality of the facts is determined by the substantive law governing the claims, and whether they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Local Civil Rule 56 also directs litigants to file statements and counter-statements of material facts about which there is no dispute, and also requires that each factual statement be followed by a citation to admissible evidence, in accordance with Federal Rule 56(e). The court, in its discretion, may "overlook a party's failure to comply with local rules, including Rule 56.1." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 83-84 (E.D.N.Y. 2010) (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)). Even in the absence of a Rule 56.1 statement altogether, courts have proceeded to rule on the basis of the underlying evidence. *See Locke*, 690 F. Supp. 2d at 84 (granting summary judgment for defendant despite failure to file Rule 56.1 statement); *Doe v. Nat'l Bd. of Podiatric Med. Examiners*, No. 03-CV-4034, 2004 WL 912599, at *3 (S.D.N.Y. Apr. 29, 2004) ("Plaintiff's motion will not be denied simply for failure to file a Local Rule 56.1 statement."); *United States v. Abady*, No. 03-CV-1683, 2004 WL 444081, at *2-3 (S.D.N.Y. Mar. 11, 2004) (defendant's failure to submit Rule 56.1 statement notwithstanding, court examines underlying evidence and substance of the claim before granting summary judgment for the plaintiff). Lastly, a court "may in its discretion, opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a [Rule 56.1] statement." *Holtz*, 258 F.3d at 73 (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)).

## II. Negligence Per Se: New York Vehicle and Traffic Laws

The plaintiff has moved for summary judgment on her negligence claim on the basis of negligence *per se*. When a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) it causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard that caused the plaintiff's injury. *See Martin v. Herzog*, 228 N.Y. 164, 168-169, 126 N.E. 814, 815 (1920); *Dance v. Town of Southampton*, 95 A.D.2d 442, 445, 467 N.Y.S.2d 203, 206 (1983). The plaintiff need not give evidence of duty or breach of duty. *See id.* Violation of the statute alone constitutes negligence. *See id.*

The plaintiff alleges that Costco violated three different sections of the New York Vehicle and Traffic Law (hereinafter referred to as the "VTL"). The plaintiff's application of those three statutes to the present case is based on an assumption that the QuicKart is either a "motor vehicle" or a "vehicle" as defined in the VTL. The plaintiff cites nothing in the record, however, to establish that the QuicKart meets the statutory definitions of those two terms, nor does the plaintiff establish that the statutes on which she relies apply in the present case.[4]

### A. Plaintiff has not established that Section 1225-a of the VTL applies.

The plaintiff fails to demonstrate that no issue of fact remains as to whether section 1225-a of the VTL defines the degree of care in the present case. Section 1225-a of the VTL provides,

---

[4] The defendant argues that the negligence *per se* theory introduced by the plaintiff in her Memorandum in Support of her Motion for Summary Judgment is a new theory, not pleaded in the complaint and advanced without notice to the defendant. The defendant contends that this is unfair and prejudicial under Fed. R. Civ. P. 8(a) because the defendant would have conducted discovery and defended the case in a different manner. The defendant has cited no authority, however, to establish that the plaintiff is required to specifically plead negligence *per se*, nor has the defendant detailed how discovery would have been conducted differently had the plaintiff done so. The court, therefore, declines to address the issue of whether the defendant has sufficient notice of the negligence *per se* theory.

7

> No person shall drive a *motor vehicle* on or across a sidewalk, except that a vehicle may be driven at a reasonable speed, but not more than five miles per hour, on or across a sidewalk in such manner as not to interfere with the safety and passage of pedestrians thereon, who shall have the right of way, when it is reasonable and necessary: (a) to gain access to a public highway, private way or lands or buildings adjacent to such highway or way; (b) in the conduct of work upon a highway, or upon a private way or lands or buildings adjacent to such highway or way, or (c) to plow snow or perform any other public service, for hire, or otherwise, which could not otherwise be reasonably and properly performed.

N.Y. Veh. & Traf. Law § 1225-a (emphasis added). Essential to that statute's application here is the meaning of the term "motor vehicle," which is defined in the VTL as "[e]very vehicle operated or driven on a public highway which is propelled by any power other than muscular power . . . ." N.Y. Veh. & Traf. Law § 125. As the QuicKart at issue here is propelled by power other than muscular power, the question of whether the QuicKart is a motor vehicle depends on the definition of public highway. Under section 134 of the VTL, a public highway is "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way." N.Y. Veh. & Traf. Law § 134. The plaintiff has produced no evidence that the QuicKart is operated or driven on a public highway within that definition. The only evidence in the record concerning the places where the QuicKart is operated are Costco's parking lot and Costco's sidewalk, neither of which are public places under the VTL. *See People v. Thew,* 44 N.Y.2d 681, 682, 376 N.E.2d 906, 907 (1978); *see also People v. Moore*, 196 Misc. 2d 340, 342, 765 N.Y.S.2d 218, 220 (Just. Ct. Tompkins Co. 2003) (holding that a privately owned and controlled shopping center's parking lot does not fit within the definition of a public highway). Therefore, although the QuicKart is "propelled by [] power other than muscular power," there is no evidence that it is operated on a public highway and section 125 does not apply. N.Y. Veh. & Traf. Law § 125.

The plaintiff argues that Section 1192(7) of the VTL expands the scope of the VTL to cover the operation of motor vehicles on private roads and parking lots. Section 1192(7),

however, does not apply to the entire VTL.  Rather, it refers solely to the operation of motor vehicles while under the influence of alcohol.  *See* N.Y. Veh. & Traf. Law § 1192.  Moreover, by implication, section 1192(7) confirms that parking lots are not public highways because it defines "parking lot" as "any area or areas of private property . . . near or contiguous to and provided in connection with premises and used as a means of access to and egress from a public highway to such premises . . . ."  N.Y. Veh. & Traf. Law § 1192(7).

**B.  Plaintiff has not established that Section 1151-a of the VTL applies in this case.**

Under section 1151-a of the VTL,

> The driver of a *vehicle* emerging from or entering an alleyway, building, private road or driveway shall yield the right of way to any pedestrian approaching on any sidewalk extending across such alleyway, building entrance, road or driveway.

N.Y. Veh. & Traf. Law § 1151-a (emphasis added).  Whether this statute applies here turns on the meaning of the term "vehicle," which the VTL defines as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks."  N.Y. Veh. & Traf. Law § 159.  The definition of "vehicle" under the VTL thus depends on the definition of highway.  Under section 118 of the VTL, a highway is "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."  N.Y. Veh. & Traf. Law § 118.  Because there is no evidence that Costco's QuicKart was used anywhere other than Costco's private parking lot and sidewalk, it is not a vehicle.  *See Thew,* 44 N.Y.2d at 682; *Moore*, 765 N.Y.S.2d at 220 (stating that private shopping center parking lots are not public because they are privately controlled and therefore differ from the state's obligation to regulate highways in the public interest).  Furthermore, although the QuicKart in theory may transport shopping carts on a public highway, the plaintiff has not provided any evidence to demonstrate that the QuicKart ever has or would be operated in

9

this manner. The QuicKart is used to retrieve shopping carts in Costco's parking lot. Pl. Rule 56.1 Statement, ¶ 6-7 (D.E. 47-1). Thus, the plaintiff has failed to establish that the QuicKart is a vehicle under the VTL.

Moreover, even if the QuicKart were a vehicle under this statute, the plaintiff still fails to demonstrate that section 1151-a of the VTL establishes the degree of care in this case. This statute does not apply because the QuicKart was not "emerging from or entering an alleyway, building, private road or driveway" when the accident occurred. N.Y. Veh. & Traf. Law § 1151-a. It is undisputed that the QuicKart was moving forward on a sidewalk when the accident occurred. *See* Pl. Rule 56.1 Statement, ¶ 13, 16-17 (D.E. 47-1). Moreover, the plaintiff was not "approaching on any sidewalk extending across a building entrance." N.Y. Veh. & Traf. Law § 1151-a. Although the incident occurred on a sidewalk near the entrance to Costco, the plaintiff was not approaching the building entrance; rather, she was approaching the rows of shopping carts parked some distance away from the entrance. Mauro Dep., p. 31:6-22.

**C. Plaintiff has not established that Section 1146 of the VTL applies in this case.**

Under section 1146 of the VTL,

> [E]very driver of a *vehicle* shall exercise due care to avoid colliding with any bicyclist, pedestrian, or domestic animal upon any roadway and shall give warning by sounding the horn when necessary.

N.Y. Veh. & Traf. Law § 1146 (emphasis added). This statute is inapplicable for two reasons. First, as explained above, the QuicKart does not fall under the statutory definition of vehicle. Second, even if the QuicKart were a vehicle, the plaintiff still fails to establish that section 1146 applies. Section 1146 establishes the degree of care for a vehicle on a "roadway." Section 140 of the VTL defines a roadway as a "portion of a highway improved, designed, marked, or ordinarily used for vehicular travel, exclusive of the shoulder and slope."

10

N.Y. Veh. & Traf. Law § 140. It is undisputed here that the accident occurred on a sidewalk and not a roadway. Pl. Rule 56.1 Statement, ¶ 17 (D.E. 47-1).

### III. Comparative Negligence

The plaintiff also has not set forth undisputed facts on the defendant's comparative negligence claim. Under New York law, a plaintiff's contributory negligence is no longer a bar to recovery in an action based on negligence. *See Lamphear v. State*, 91 A.D.2d 791, 791, 458 N.Y.S.2d 71, 72 (1982). Instead, New York has adopted a rule of comparative negligence for personal injury. *See* N.Y. C.P.L.R. § 1411; *Lamphear*, 458 N.Y.S.2d at 72. Under section 1411 of the New York Civil Practice Law and Rules, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the claimant bears to the culpable conduct which caused the damages. N.Y. C.P.L.R. § 1411.

The plaintiff argues that she was not negligent because she was looking straight ahead and did not see the QuicKart before it hit her. She testified in her deposition that she was facing forward toward the row of shopping carts when she was hit. Mauro Dep., p. 47:11-19. The plaintiff argues that in facing forward, she was correctly focusing her attention on the task at hand—selecting a working shopping cart in the area that Costco designated for such purpose— which does not show a failure to use reasonable care. Pl. Affirmation in Reply at ¶ 6, 7. She also denies moving from the third row of carts to the first row of carts, and she contends that she never heard the QuicKart or was alerted by the QuicKart operators to move out of the way. Mauro Dep., pp. 28: 17-24, 33:4-7.

The defendant disputes the plaintiff's argument that her failure to look around was not negligent. Costco relies on the testimony of its employees and a third-party witness that the plaintiff moved between rows of shopping carts without looking around her to see what might be

approaching. Def. Rule 56.1 Statement, ¶ 21 (D.E. 50). As a result, they argue, the plaintiff failed to see the QuicKart and unexpectedly moved directly into its path. *Id.* The defendant also argues that even though the QuicKart did not beep the horn before the accident occurred, the sound of twenty shopping carts being pushed by the QuicKart would have made a noise loud enough to alert someone in the vicinity to look around. *Id*. at ¶ 20.

The plaintiff draws support from *Hoey v. City of New York*, which involved a plaintiff who was hit by a bus when he was looking forward and crossing the street. *See Hoey v. City of New York*, 28 A.D.3d 717, 813 N.Y.S.2d 533, 534 (2006). The *Hoey* Court found that the plaintiff was not comparatively negligent because he acted reasonably by looking forward to observe vehicles making right-hand turns onto the street that he was crossing. *Id.* Here, however, if the facts alleged by the defendant are true, it was not reasonable for the plaintiff to look forward when she "jumped" from the third row of carts to the first row of carts. By looking forward, the plaintiff was looking at the stationary shopping carts rather than at oncoming objects or people that may have been approaching from behind or from either side of her.

The court therefore concludes that disputed issues of fact as to defendant's comparative negligence defense preclude summary judgment for the plaintiff on that defense.

## CONCLUSION

In accordance with the above considerations, the court denies the plaintiff's motion for summary judgment.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
July 22, 2013